UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| HANS ROLFE BORICH,<br><br>                Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                Respondent. | Criminal No. 03-166 (JRT/FLN)<br>Civil No. 05-0271 (JRT)<br><br>**MEMORANDUM OPINION AND ORDER DISMISSING § 2255 PETITION** |

Hans Rolfe Borich, # 11074-041, Federal Correctional Institution–Sandstone, P.O. Box 1000, Sandstone, MN 55072, *pro se*.

Jeffrey S. Paulson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for respondent.

This matter is before the Court on the motion of petitioner Hans Rolfe Borich ("Borich") for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. Borich is currently incarcerated at the Federal Correctional Institution in Sandstone, Minnesota serving a 55-month sentence imposed on him on December 22, 2003 pursuant to a plea of guilty to possession of cocaine with intent to distribute. For the reasons discussed below, the Court denies Borich's petition.

## BACKGROUND

Petitioner was arrested on March 12, 2003 after the execution of a search warrant on his home revealed approximately 1,595 grams of powder cocaine and approximately

49 pounds of marijuana. The government also discovered evidence that Borich spent over $56,000 in drug profits between December 2001 and February 2003. That same day, the government requested "stop transfer" flags be placed on two vehicles titled to Borich, valued at approximately $49,000, while the government sought forfeiture of those vehicles. The following day the government seized $64,247.08 from Borich's bank account.

Borich was charged with two counts of drug possession with intent to distribute. Count I charged Borich with possession with intent to distribute cocaine, and Count II charged Borich with possession of marijuana with intent to distribute. Pursuant to a plea agreement entered on July 31, 2003, the government agreed to move for dismissal of Count II in exchange for Borich's agreement to plead guilty to Count I of the indictment. The plea agreement further provided that the marijuana found in his apartment would be subject to consideration for sentencing purposes and that Borich would forfeit the $15,012 seized from his apartment.

On the day of Borich's sentencing, the parties entered into a stipulation of forfeiture in which Borich agreed to forfeit the $64,247.08 seized from his bank account. The government agreed to exchange the money for the titles to the two vehicles seized on March 12, 2003, and not to seek forfeiture of those vehicles in the future. The $64,247.08 forfeiture became final at the time of Borich's sentencing.

Borich now argues that both the forfeiture of the $64,247.08 and his sentence were improper. Borich first argues that neither the money, nor the vehicles for which the money was substituted, were subject to forfeiture. Second, Borich argues that he was

denied effective assistance of counsel because his attorney misrepresented that Borich would not receive a sentencing reduction as stated in his plea agreement unless he agreed to the forfeiture. Third, Borich contends that he was improperly sentenced as a result of the inclusion of the marijuana discovered in his apartment. Fourth, Borich contends that his sentence was improper because the Court considered a past nolo contendere plea. In his petition, Borich also includes a request to amend a clerical error in his judgment.[1]

## ANALYSIS

### I.  IMPROPER FORFEITURE OF PERSONAL PROPERTY

In the stipulation of forfeiture, Borich agreed to forfeit the $64,247.08 seized from his bank account in exchange for the government releasing the titles to his vehicles. Borich now argues that neither the money, nor the vehicles, were subject to forfeiture.[2]

#### A.  The Vehicles

Borich asserts that the vehicles whose titles were seized were not subject to forfeiture because 1) the vehicles were not part of the indictment; 2) they did not constitute proceeds from his illegal drug activity; and 3) the vehicles were purchased by

---

[1] Because a request to amend an error in judgment is not properly made under § 2255, the Court will consider this request as a separate motion.

[2] As a threshold matter, the government argues that a § 2255 petition may not be used to recover forfeited assets because such petitions apply only to defendants claiming the right to be released. *See United States v. Kramer*, 195 F.3d 1129, 1130 (9th Cir. 1999) (holding that in a case disputing restitution payments under § 2255 "the statutory remedy embodied in 28 U.S.C. § 2255 is unavailable when the petitioner does not seek a release from custody"); *see also Barnickel v. United States*, 113 F.3d 704, 706 (7th Cir. 1997). The Court addresses the merits of Borich's argument without deciding this issue.

bona fide purchasers and were, therefore, not owned by Borich at the time of the sentencing.

Borich first argues that the vehicles were not subject to forfeiture because the vehicles were not part of the indictment served upon him for the drug charges, and, as a result, the vehicles could only be forfeited in a state civil proceeding. This argument lacks merit. Borich's indictment includes criminal forfeiture of all property directly or indirectly related to profits or commission of his drug trafficking activity, including property not specifically listed on the indictment. The Court finds that the indictment provided adequate notice to Borich that he had an interest in property subject to forfeiture. *See* Fed. R. Crim. P. 7(a)(2) and 32.2.

Borich next argues that he did not purchase the vehicles with drug money and thus the vehicles were not subject to forfeiture as proceeds from his drug charge. *See* 21 U.S.C. § 853(a) (stating that proceeds from illegal drug activity are properly forfeitable to the United States upon conviction for such a drug charge). The government presented evidence that Borich spent over $56,000 in cash from drug profits between December 2001 and February 2003. Borich illegally obtained the money used to buy these items, and therefore, they are forfeitable upon conviction pursuant to 21 U.S.C. § 853(a). Furthermore, the government may obtain a court order to substitute legally obtained property for illegally obtained property that the government is unable to seize if, for example, the government cannot locate the illegally obtained property. *See id* § 853(p). As a result, even if the vehicles themselves were purchased with legally obtained funds,

which Borich has not shown on this record, the vehicles were still properly subject to forfeiture in lieu of the items purchased with drug money.

Borich's final argument asserts that because the vehicles were sold to bona fide purchasers before his sentencing, the vehicles were not subject to forfeiture pursuant to 21 U.S.C. § 853(a). The titles to the vehicles, however, were seized from Borich's apartment on the day of the execution of the search warrant. As a result, the vehicles could not have been legally transferred prior to the stipulation of forfeiture. Moreover, although 21 U.S.C. § 853(n) provides that a third party claiming an interest in forfeited property may petition the court to determine the validity of such an alleged interest, it does not grant Borich a right to bring such a claim on the third party's behalf. Consequently, Borich is unable to pursue relief under § 853(n).

**B.     The Money**

Borich also argues that the $64,247.08 he forfeited should be returned to him because the money was legally obtained. Specifically Borich asserts that 1) he obtained the money from an inheritance and, therefore, the money was not subject to forfeiture; 2) the money had been recently deposited in his bank account and therefore insufficient time had elapsed during which he could have substituted the money for illegal drug proceeds; and 3) the government failed to exercise "due diligence" in uncovering Borich's illegal property.

There is evidence to support Borich's contention that he obtained $64,350.23 through a legal inheritance. Borich agreed in the stipulation of forfeiture, however, that

the money from the bank account constituted drug money and was subject to forfeiture. Furthermore, in the stipulation of forfeiture, Borich agreed to substitute the funds from the bank account for the titles to the two vehicles that were subject to forfeiture under 21 U.S.C. § 853(a) and (p). Therefore, the substitution of the funds for the vehicles constitutes a proper substitution under § 853 regardless of whether the funds from the account were obtained legally.

Borich next argues that the money was not subject to forfeiture pursuant to 21 U.S.C. § 853(p) because he did not have time to "substitute" the legally obtained funds from the bank account for illegally obtained funds. The Court finds that this argument misapplies the statute, which makes no mention of a necessary time frame for commingling of funds. The period of time the funds were in the account does not equate to any of the provisions addressed in § 853. Moreover, as the Court has noted previously, the legal status of the funds is immaterial due to their proper substitution for forfeitable property pursuant to § 853(p).

Finally, Borich's argument that the government failed to exercise due diligence in uncovering his illegally obtained property as required by § 853(p), before the government seized other legally obtained property, is without merit. As the Court has already stated, the vehicles were properly forfeitable pursuant to § 853. Thus, the agreement between the parties to exchange the money for the vehicle titles satisfies the requirements of § 853(p). Furthermore, the stipulation of forfeiture states that Borich agreed that the money was properly forfeitable pursuant to § 853(a).

## II.   INEFFECTIVE ASSISTANCE OF COUNSEL

In order to prevail on a claim of ineffective assistance of counsel, Borich must show that "his counsel's representation fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984); *Garrett v. United States,* 78 F.3d 1296, 1301 (8th Cir. 1996).  Under *Strickland,* there is a presumption that the representation was competent and that the challenged decisions constituted the permissible strategic and tactical choices of counsel.  *Strickland*, 466 U.S. at 689.

Borich contends that his attorney falsely represented that Borich needed to forfeit the $64,247.08 to receive a three-point reduction at sentencing for acceptance of responsibility.  Borich argues this representation was the sole reason for his voluntary forfeiture.

The Court finds Borich's argument is without merit.  The record clearly establishes that Borich possessed a large quantity of drugs at the time of his arrest.  At the time of the search, Borich had over 3 pounds of cocaine and 49 pounds of marijuana in his apartment.  In addition, the government provides sufficientevidence that Borich profited from his drug trafficking: Borich spent over $56,000 in cash from drug profits in less than two years and had $15,000 in drug profits in his possession at the time of his arrest.  Moreover, Borich's plea agreement, signed by the parties on July 31, 2003, secured Borich a dismissal of Count II of the indictment as well as a government motion for a three-point reduction in sentencing for acceptance of responsibility.  This favorable

agreement was decided nearly five months before the stipulation of forfeiture was entered. Furthermore, the Court has already determined that the government could have achieved forfeiture of the funds without the stipulation of forfeiture. *See* 21 U.S.C. § 853(a) and (p). Consequently, the Court can find no connection, beyond Borich's unsubstantiated allegation that his representation was ineffective, between the advice Borich received from his attorney regarding his sentence and the forfeiture stipulation five months later. The Court further finds no evidence of either unreasonable representation or prejudice. Therefore, Borich's claim of ineffective counsel fails to meet the burden provided in *Strickland*.

### III.  MARIJUANA SENTENCING

Borich contends that, because Count II was dismissed pursuant to the plea agreement, the marijuana found in his apartment should not have been considered in the determination of his sentence for Count I. The plea agreement, however, explicitly permits the marijuana seized from his apartment to be considered in Borich's sentencing despite the dismissal of Count II of the indictment. Borich agreed to the plea agreement. Borich's claim for improper sentencing for the inclusion of the marijuana is without merit.

### IV.  NOLO CONTENDERE

Borich argues that his previous nolo contendere plea should not have been counted for sentencing purposes in the present case. There is no evidence that a previous plea of nolo contendere was taken into account for Borich's sentencing. In fact, there is no

evidence of a nolo contendere plea in this record. Assuming arguendo that such a plea does exist in Borich's history, and that it was considered during Borich's sentencing in the present case, such an inclusion would still have been proper under U.S.S.G. § 4A1.2(f). Accordingly, Borich's claim lacks merit.

## V.    INCORRECT JUDGMENT IN THE CASE

In addition, Borich includes in his § 2255 petition a request that his judgment be amended. The government concedes that the judgment in the case incorrectly states Borich was convicted for the charge of "conspiracy to possess with intent to distribute cocaine base 'crack.'" The judgment should read "possession with intent to distribute cocaine" and will be so corrected. *See* Fed. R. Crim. P. 36.

### ORDER

Based on the foregoing, and all of the records, files and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Docket No. 37] is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's request to amend a clerical error in the judgment dated December 23, 2003, is **GRANTED**.

DATED:   July 18, 2005  
at Minneapolis, Minnesota.

　　　　　　　　　　　　s/ John R. Tunheim　　　　　  
　　　　　　　　　　　　JOHN R. TUNHEIM  
　　　　　　　　　　　United States District Judge